# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAURICE LADON MILLER, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. CIV 09-280-RAW-KEW<br>) |
| JOE KEFFER, Warden, | )<br>) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the United States Penitentiary who is incarcerated in Pollock, Louisiana, attacks his conviction in Love County District Court Case No. CF-2005-171 for two counts of First Degree Murder. The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 01/22/2008 | Petitioner's Judgment and Sentence for CF-2005-171 was affirmed by the Oklahoma Court of Criminal Appeals in *Miller v. State*, No. F-2006-957 (Okla. Crim. App. Jan. 22, 2008). |
| 04/21/2008 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 07/13/2009 | Petitioner filed a "motion to appeal out of time habeas corpus pursuant to 28 U.S.C. § 1651" with the Oklahoma Court of Criminal Appeals. |
| 07/16/2009 | Petitioner filed a "motion to apply equitable tolling in order to file motion under 28 U.S.C. § 2254 past the 1-year statute of limitation," which was construed in this action as an improper petition for a writ of habeas corpus [Docket #7]. |
| 07/31/2009 | The Oklahoma Court of Criminal Appeals entered an Order Dismissing Petition for Extraordinary Relief and Denying Motion for Records, finding petitioner had failed to show he had sought relief and had been denied by the state district court. *Miller v. State*, No. HC-2009-0636 (Okla. Crim. App. July 31, 2009). |
| 08/07/2009 | Petitioner filed a "motion pursuant to 28 U.S.C. § 1651 habeas corpus (extraordinary writs)" in Love County District Court Case No. CF-2005-171, alleging violations of the Interstate |

2

Agreement on Detainers.

Because petitioner's conviction became final on April 21, 2008, he had until April 21, 2009, to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). This habeas action, however, was not initiated until July 16, 2009. His attempts at state court relief were filed after the one-year deadline, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Petitioner concedes that the one-year limitations period has expired, but he apparently is asking for equitable tolling. He does not explain why he failed to pursue federal habeas corpus relief within the one-year limitations period, but asserts he is actually innocent. He also contends he began to seek state post-conviction review not in July 2009, but in January 2009, when he sent a letter to the Deputy Clerk of the Oklahoma Supreme Court asking for an extension of time to file a petition in the Oklahoma Supreme Court.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). While equitable tolling might be appropriate upon a showing of actual innocence, such claims alone cannot serve to toll the statute of limitations. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). A petitioner also must show he has pursued his claims diligently, but was prevented from filing a timely petition because of extraordinary circumstances over which he had no control. *Id.*; *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001).

Here, the court finds petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented his timely filing. The court further finds his alleged attempts at state relief in January 2009 were not "properly filed." *See* 28 U.S.C. §

3

2244(d)(2). His claim of actual innocence is based on allegations that his common-law wife was forced to testify against him, but she later recanted her testimony. Apart from his unsupported allegations, there is no evidence in the record to suggest he is actually innocent of the charges of which he stands convicted, or that uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #16] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 21st day of September 2010.

                                                                                    **RONALD A. WHITE**
                                                                                    **UNITED STATES DISTRICT JUDGE**

4